IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JAMES LOGAN DIEZ § | |
| § | |
| V. § | A-20-CV-819-RP |
| § | |
| CALVIN BOYD, SHERIFF OF BURNET § | |
| COUNTY, TEXAS § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ROBERT PITMAN
       UNITED STATES DISTRICT JUDGE

Before the Court is Petitioner James Logan Diez's Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Dkt. No. 1), and Motion to Proceed In Forma Pauperis (Dkt. No. 2). The Court submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules.

**I. IFP STATUS**

After considering Diez's financial affidavit, the Court finds that he is indigent. Accordingly, the Court **GRANTS** Diez's Motion to Proceed In Forma Pauperis (Dkt. No. 2) and grants him in forma pauperis status in this case.

**II. GENERAL BACKGROUND**

Diez is a pre-trial detainee confined at the Burnet County Jail. He complains that: (1) his indictment violates his First Amendment rights to free speech and religious freedom, and the Religious Freedom Restoration Act, because he is an adherent to "Creationist Naturism" and his post of a nude child on Pinterest.com was religious in nature; (2) the prosecutor improperly obtained an indictment against him based on illegally seized evidence and without putting into evidence his

religious beliefs; (3) his bond is excessive; and (4) his rights to due process and a speedy trial have been violated. His requests that the Court order that he receive "the records from below" and the defense file, that he be released on a bond or scheduled for trial in 30 days, and the indictment and charges against him be dismissed.

### III.  ANALYSIS

A state pretrial detainee or prisoner is entitled to raise constitutional claims in a federal habeas proceeding under § 2241. *See* 28 U.S.C. § 2241(c); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987), *cert. denied*, 484 U.S. 956 (1987).  To do so, however, he must first exhaust available state court remedies as to each and every ground upon which he claims entitlement to habeas relief. *Dickerson*, 816 F.2d at 225; *Rose v. Lundy*, 455 U.S. 509 (1982). Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were first fairly presented to the state's highest court in a procedurally proper manner. *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). State remedies are ordinarily not considered exhausted so long as the petitioner may effectively present his claims to the state courts by a currently available and adequate procedure. *Braden v. 30th Judicial Circuit Ct of Ky.*, 410 U.S. 484, 489-92 (1973).

In the pre-conviction context, a Texas pretrial detainee confined after a felony indictment asserting excessive bail may file an application for writ of habeas corpus with the judge of the court in which he is indicted. TEX. CODE CRIM. PROC. § 11.08. If the trial court denies habeas relief, the applicant's remedy is to take a direct appeal to an intermediate appellate court and then petition for discretionary review by the Court of Criminal Appeals. *Thomas v. Brown,* 2020 WL 3420973, at *2 (N.D. Tex. May 19, 2020), report and recommendation adopted, 2020 WL 3420941 (N.D. Tex. June 22, 2020); *see also, Ex parte Twyman*, 716 S.W.2d 951, 952 (Tex. Crim. App. 1986); *Ex parte*

*Payne*, 618 S.W.2d 380, 382 n.5 (Tex. Crim. App. 1981). A state pretrial detainee may be excused from the exhaustion requirement only if he shows exceptional circumstances or peculiar urgency. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993). A federal district court may take notice sua sponte of the lack of exhaustion. *Shute v. Texas*, 117 F.3d 233, 237 (5th Cir. 1997). Federal courts can dismiss without prejudice the entirety of a federal habeas petition that contains any unexhausted grounds for relief. *See Rose*, 455 U.S. at 510; *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990), *cert. denied*, 501 U.S. 1235 (1991).

Because Diez seeks relief pursuant to 28 U.S.C. § 2241, he must comply with the statutory and jurisprudential requirements concerning exhaustion of available state court remedies on his excessive bail claim and other claims. This entails submitting the factual and legal basis of any claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). Diez asserts he has filed a petition for mandamus with the Third Court of Appeals and a motion for leave to file a writ of habeas corpus with the Texas Court of Criminal Appeals. Both were summarily denied. A review of the Texas Court of Criminal Appeals' docket, however, reflects that Diez has not actually filed a petition for review or a writ of habeas corpus with that court. Thus, he has not submitted the factual and legal bases of his claims to the Court of Criminal Appeals and exhausted the claims presented in his § 2241 petition. In addition, he has not shown that he should otherwise be excused from the exhaustion requirement due to exceptional circumstances warranting federal intrusion at this juncture. Accordingly, the Petition should be dismissed for failure to exhaust all available state court remedies.

Additionally, under the *Younger* abstention doctrine, a federal court should ordinarily abstain from exercising its jurisdiction when to do so would result in interfering with an ongoing state

criminal proceeding, except in the most extraordinary circumstances and on a clear showing of both great and immediate harm. *Younger v. Harris*, 401 U.S. 37, 43-45 (1971). "Federal habeas relief prior to a pending state criminal trial is [no] different from the type of relief sought in *Younger*." *Kolski v. Watkins*, 544 F.2d 762, 766 (5th Cir. 1977). All prerequisites for abstention under *Younger* appear to be met here. Alternatively, should the district court not dismiss the case due to Diez's failure to exhaust his claims, the District Court should abstain pursuant to *Younger*.

### III.  RECOMMENDATION

Based upon the foregoing, the undersigned **HEREBY RECOMMENDS** that the District Court **DISMISS** James Logan Diez's Petition for Writ of Habeas Corpus pursuant to § 2241 **WITHOUT PREJUDICE** for failure to fully exhaust all of his state court remedies.

### IV.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000).  In cases where a District Court rejected a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the District Court's assessment of the constitutional claims debatable or wrong." *Id*.  "When a District Court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial

of a constitutional right and that jurists of reason would find it debatable whether the District Court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the dismissal of Petitioner's habeas petition on procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is recommended that the Court not issue a certificate of appealability.

## V.  WARNING

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-277 (5th Cir. 1988).

SIGNED this 18th day of August, 2020.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE