RECEIVED
AUG 27 2020
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____

FILED
AUG 27 2020
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

James Logan Diez,

v.

Calvin Boyd

A-20-CV-819-RP

## Petitioner's Objection To Magistrate's Report And Recommendation

To the Honorable Judge Robert Pitman;

Comes now Petitioner and submits this objection to the Report and Recommendation by Magistrate Andrew W. Austin, and in support of same would show the following:

### -I-

Magistrate Austin, as Petitioner understands the Report, recommends DISMISSAL WITHOUT PREJUDICE based <u>solely</u> on (a) FAILURE TO EXHAUST, and (b) ABSTENATION DOCTRINE — <u>no</u> findings of fact on the merits of the claims seem to have been made.

### -II-

### EXHAUSTION

The Magistrate's Report states: "A review of the Texas Court of Criminal Appeals' docket, however, reflects that Diez has not actually filed a petition for review or a writ of habeas corpus with that Court."

Petitioner submitted <u>documentary evidence</u> with his Petition that <u>PROVED</u> he had submitted a habeas corpus Application to the CLERK of the Court of Criminal Appeals, and that said Application <u>was factually filed</u>. Also with

page 1 of 6

the Petition was similar <u>documentary evidence</u> that the Court of Criminal Appeals <u>had denied</u> this Petitioner his review of the habeas filed in the CCA. These two pieces of documentary evidence were <u>two "postcard responses/notifications"</u> used by the CCA when issuing Clerk Notices and/or unwritten decisions by the CCA.

Comnity requires <u>ONLY</u> that the State's highest Court be given the <u>OPPORTUNITY</u> to address the issues raised. If the Court of Criminal Appeals were presented the issues (which <u>documentary evidence</u> PROVES it was), and that Court, for whatever reason, chose to <u>NOT</u> give such review (which <u>documentary evidence</u> PROVES it did), then Federal Exhaustion requirement <u>has been satisfied</u>.

The fact Magistrate Austin did not find Diez's State habeas on the <u>ELECTRONIC</u> Record of the Docket of the Court of Criminal Appeals is <u>NOT</u> dispotive — it does <u>NOT</u> outweigh the <u>DOCUMENTARY EVIDENCE</u> Petitioner submitted to the U.S. District Court Clerk with his original petition forms. [More likely is the possibility that due to the <u>CLOSURES</u> of Texas Court buildings caused by the COVID-19 Pandemic — the habeas application filing merely didn't get entered into the computer system. Lack of <u>electronic</u> presense does <u>NOT</u> mean lack of filing — that is <u>WHY</u> Petitioner Diez submitted <u>DOCUMENTARY</u> Evidence of his submission of the habeas application in the Court of Criminal Appeals.]

"Exhaustion" <u>HAS</u> been fulfilled by Petitioner.

## —III—
## ABSTENTION

The <u>Younger</u> Abstention Doctrine does NOT apply here— with all due respect, Petitioner asserts Magistrate Austin is incorrect on this point.

There ARE exceptions in which abstention does not apply, and Petitioner's §2241 Petition clearly includes allegations that fall within those exceptions.

Petitioner's case is somewhat similar to <u>BRADEN V. 30TH JUDICIAL CIRCUIT COURT, 410 U.S. 484</u>, in that Petitioner has made repeated demands for Trial to the Texas Courts (<u>Id at 490</u>). Also present in <u>Braden</u> was the fact Braden had presented his claims to the State Courts and had the claim simply rejected ("apparently on the ground that since he had once escaped from custody (...) [the State] should not be obligated to incur the risk of another escape by returning him to trial." ID at 491).

There is, also, present in Petitioner's §2241 claims, the exception to Abstention under <u>Younger</u> that the prosecution has been taken in <u>bad faith</u> <u>Younger V. Harris, 401 U.S. 37, 48-49 (1971)</u>; <u>Dombrowski V. Pfister, 380 U.S. 479, 482 (1965)</u>; <u>Gonino V. Texas, 2014 U.S. Dist. LEXIS 185734 at p. 15 (Western Dist. Austin 2014)</u>

Petitioner herein clearly asserted <u>FIRST AMENDMENT</u> and Religious PERSECUTION claims that, if true, would present "bad faith" issues in the State prosecution — hence, would present exception to the <u>Younger</u> Abstention Doctrine's being applied in this Case.

# -IV-

## CONCLUSION

This Court should specially note 5 issues the Petitioner presented in his Petition and/or Appendix thereto:

[1] Petitioner's State Search Warrant and seizure of the evidence was a <u>direct infringement upon</u> his Free Expression of Religious Belief and Freedom of Speech — without which there could <u>be</u> no prosecution;

[2] the Prosecutor ignored and excluded from GRAND JURY consideration <u>all</u> exculpatory and First Amendment evidence;

[3] the Trial Court repeatedly appointed utterly ineffective counsel %/or attorney who tried covertly <u>to assist</u> the prosecutor in getting a conviction;

[4] the prosecutor was granted multiple, consecutive Continuances despite Petitioner's repeated requests/demands for Trial by Jury; and,

[5] the Trial Judge had shown clear prejudice against the Petitioner before any evidence had been presented (on the Record).

How can this Court expect Petitioner to even get fair and impartial review of Pretrial claims in the State Courts when the ENTIRE criminal proceeding against Petitioner has been one continuous, unbroken chain of violations of the United States and Texas State Constitutions?

* Petitioner would, also, respectfully ask this Court to take Judicial Notice of the FACT that all Texas Courts have been CLOSED as a consequential result of the Texas Supreme Court's "EMERGENCY COVID-19 ORDER" in direct violation of TEXAS CONSTITUTION, Art. I §13, and Art. I §29, which have NO EXCEPTIONS to allow closures of Texas Courts nor suspension of the Due Course of Law for ANY reason. TRAVELERS' INS. CO. v. Marshall, 124 Tex. 45, 51-52 (Tex. 1934); Bell v. Hill, 123 Tex. 531 (1934); LeCroy v. Hanlon, 713 S.W.2d 335, 339 (S.Ct.Tex. 1986) Hence, Texas continues to deny Petitioner a Speedy Trial in violation of the State and Federal Constitutions — and, due to COVID-19 closures, consequentially denies Petitioner ALL Due Process.

* Petitioner would, likewise, ask this Court duly consider the FACT, that while confined in Pretrial Detention, and due to the negligence of the Burnet County Jail Administration, Petitioner

(a 64 year old male with COPD) has been <u>infected</u> with COVID-19 — Petitioner was informed on August 21, 2020, that his COVID-19 Test had returned <u>POSITIVE</u> for the virus. Ergo — the Petitioner may <u>or may not</u> survive to have his day in Court thanks to the Speedy Trial violations by the State?

Wherefore, premises considered, Petitioner objects to the Magistrate's Report and Recommendations; and, prays the Court <u>SUSTAIN</u> said objection.

Furthermore, Petition prays the Court <u>EXPEDITE</u> this §2241 action; in that Petitioner is <u>Pro Se</u> and may not be <u>able</u> to self-represent much longer due to being infected by the COVID-19 virus while prolonged Pretrial Detention was imposed unlawfully.

* <u>NOTE!</u> <u>UV</u> light bombardment and other measures by the U.S. Postal Service will insure there is <u>no</u> risk of COVID-19 infection by contact with these pages. <u>The Court</u>, at least, is safe.

Respectfully submitted by U.S. Mail this <u>25th</u> day of August 2020.

J. Logan Diez <u>pro se</u>
James Logan Diez
BCJ-No. 51285
P.O. Box 1098
Burnet, TX 78611

page 6 of <u>6</u>

James Logan Diez
#51285
P.O. Box 1098
Burnet, TX 78611

LEGAL

Lady Joonmotto J. Clark
U.S. District Court Clerk
501 West 5th St., Suite 1100
Austin, TX 78701

ZIP 78611
02 4W
0000334756 AUG 26 2020
U.S. POSTAGE » PITNEY BOWES
$ 000.65⁰