UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

James Logan D**RECEIVED**

V.                    OCT 6  2020

Calvin Boy CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

No. A-20-CV-819-RP **FILED**

OCT - 6 2020

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

Petitioner's **EMERGENCY** Motion For Release On Bond

To the Honorable Robert Pitman, U.S. Judge,

Comes now Petitioner <u>pro se</u> and Moves the Court order his immediate release on Personal Bond from the pretrial detention in Burnet County Jail to "Electronic <u>Area</u> Confinement", and in support of same would show as follows:

-I-

"[Federal] District Courts have the inherent authority to grant bail pending the merits of a habeas petition under limited circumstances." See <u>Calley v. Callaway, 496 F.2d 701, 702 (5th Cir. 1974)</u> citing <u>Aronson v. May, 85 S.Ct. 3 (1964)</u>; <u>Ex Parte McCardle, 74 U.S. 506, 508 (1868)</u>; <u>Barrera v. Wolf, 2020 U.S. Dist. LEXIS 172231 (U.S.S.D. Tex.-Houston)</u>.

"The Fifth Circuit has stated that, "in spite of the lack of specific statutory authorization, it is within the inherent power of a District Court of the United States to enlarge a state prisoner on bond pending hearing and decision on his application for a writ of habeas corpus." <u>In re Wainwright, 518 F.2d 173, 174 (5th Cir. 1975)</u> (per curiam); <u>Dawkins v. Crevasse, 391 F.2d 921, 921-22 (5th Cir. 1968)</u> (granting immediate release on bail of state prisoner pending exhaustion of federal habeas review * in order to render [petitioner's] remedies truly effective".)

In _Aronson_, Justice Douglas suggested habeas petitioners **without** a conviction in pretrial detention could not only seek habeas remedy with bond, but may be subject to a **lower standard** to qualify for bond than post-conviction prisoners. _Aronson, supra at p. 5_

Bond grant to state prisoners generally applies where the state petitioner can show:

    (a) a substantial constitutional claim upon which the petitioner has a high probability of success; and,

    (b) exceptional circumstances that make release on Bond necessary in order to make the habeas remedy effective;

_Calley_, 496 F. 2d at 702. ("One example of 'exceptional circumstances' is a 'serious deterioration of petitioner's health while incarcerated.'" _Id at n. 1_; see also, _Kennedy v. Adler_, 35 F. App'x 386 (5th Cir. 2002) (per curiam); and note, _Barrera v. Wolf_, supra, 24-25 n.9.)

[i] <u>substantial constitutional claims & probability of success:</u>

Petitioner asserts all of his claims are "substantial", and, that he will **definitely** prevail if and when he ever receives a fair and objective review before an impartial Court.

The search warrant was clearly issued without **LEGAL** basis for probable cause and in violation of Petitioner's right of Freedom of Religious Expression; he has been held in

pretrial detention for almost (20) months [(13) before COVID-19 and (6½) since COVID-19] totally WITHOUT a constitutionally valid Bail Hearing; he has been denied self-representation; his valid pleadings have been ignored; he has been excluded from pretrial hearings as a matter of local policy and practice; he has been held in conditions of punitive confinement when less restrictive means would suffice to assure his presence at trial.... In short — every constitutional right an accused Citizen is supposed to have has been either denied or abridged during the persecution of this Petitioner; and, in addition thereto, his First Amendment Right to Freedom of Religious Expression was violated in order to effect a fabricated "probable cause" to invade his home!   A fair and objective review by an impartial Court will clearly expose all of this.

[ii] exceptional circumstances that make Bond necessary:

One example of "exceptional circumstances" is a "serious deterioration of petitioner's health while confined" in prehearing detention; Calley, supra at 702 n.1; see also Kennedy v. Adler, 35 F. App'x 386 (5th Cir. 2002); and note, Barrera v. Wolf, supra at 24-25 n.9.   Another example of "exceptional circumstances" is, when viewed objectively, the conditions of pretrial confinement pose a probability or "substantial risk" of serious harm." Thomas v. Illinois, 697 F.3d 612, 614-15 (7th Cir. 2012); Farmer v. Brennan, 511 U.S. 825, 828 (1994); Helling v. McKinney, 509 U.S. 25, 35 (1993).

Petitioner, who has <u>already</u> been once infected with COVID-19 while in the Burnet County Jail (BCJ) prehearing detention [due to the Jail Administration's deliberate lack of concern and failure to respond responsibly to the COVID-19 threat], continues to suffer on-going symptoms (mucus-created cough; sneezing; diminished taste; nasal congestion, periodic chills; and, achy muscles). He <u>continues</u> to be at risk of further deterioration of his health from <u>RE</u>-infection, because BCJ has resumed 100% normal operation, inclusive of bringing "rent-a-bed" prisoners in from <u>other</u> counties across the State! (Even counties as far away as Odessa, Ector County!) And, as of September 10, 2020 — barely 2 weeks past — the CDC was <u>still</u> reporting that immune protection from RE-infection after recovery from initial infection is uncertain. <u>Barrera, supra at 25 n.9.</u> At 64 yrs 4 mos with COPD, Petitioner remains at High Risk of being infected. (BCJ refuses to provide Petitioner the infection rates for the facility — but on September 30, 2020, when Petitioner was in the BCJ infirmary, for a replacement hernia truss, there were (6) prisoners in the quarantine cells there — plus however many Active/Positive cases are housed on C and D wings; plus whatever asymptomatic cases in general population?)

    <u>Another</u> "exceptional circumstance" is the near <u>total</u> closure of the Texas Courts and <u>suspension</u> of Due Process consequential to the Texas Supreme Court's "<u>First Emergency Order Regarding the COVID-19 State of Disaster</u>," <u>596</u> S.W.3d 265 (2020). Per authority granted by said order, the 424th Judicial District

Court has literally (and unconstitutionally) suspended for an indefinite period ALL Jury Trials; "non-essential hearings"; and, because courthouse personnel and Judges are not full-time at the Courthouse, Petitioner's mail-in pleadings/motions are not being processed nor responded to.

* Petitioner categorizes the closure/suspension period as "indefinite," because the 3/13/2020 Order, para. 3, permits limitations in civil cases (habeas corpus is deemed civil) for a period ending "no later than 30 days after the Governor's state of disaster has been lifted," and no one knows when that might be; and,

Para. 4, allows the "Emergency Order" to be renewed by the Chief Justice indefinitely!

Without Federal Court intervention, Petitioner could be made to sit in BCJ utterly without relief or trial for an unknown and unknowable period exposed to potentially deadly infection and re-infection by any one or more of the SIX strains of COVID-19 — merely because he is too poor to make a monetary Bail in ANY amount.

## —II—

Petitioner is NOT considered a threat NOR danger to the general community, any person, or alleged victim — his $40,000.00 monetary Bail was set thus solely because the magistrate who established bail amount at the jail had a

page 5 of 7

held a personal bias due to Petitioner's <u>alleged</u> offense.
Even if it is assumed the $40,000.00 Bail were set at that
amount because Petitioner were deemed a "flight risk",
it would <u>NOT</u> be the "least restrictive means" to insure
presence at trial — in fact —

Electronic monitoring of Petitioner while released on a
Personal Bond would, (a) be more logical; (b) be more of an
assurance of Petitioner's presence at Trial; and, (c) be far
less costly than confinement!  [If Petitioner were <u>not</u> factually
a penniless pauper — a $40,000.00 Bail would require a mere
$4,000.00 Bondsman's Fee to effect ... <u>IF</u> Petitioner were <u>REALLY</u>
a "flight risk" — $4,000.00 would <u>NOT</u> keep him from flight —
nor would $40,000.00 for that matter.]

The <u>FACT</u> is Petitioner <u>WANTS</u> Trial to clear his name,
and has consistently and repeatedly tried to assert this
since the <u>first</u> week of his Pretrial Detention.

<u>NOW</u> the $40,000.00 money Bail is only being used as
an instrument of oppression to keep Petitioner in punitive
confinement <u>without</u> Due Process.  <u>Personal Bond</u> granted
immediately by this Court is the <u>ONLY</u> way to insure the
Petitioner is not <u>INDEFINITELY</u> held in putative Pretrial
Detention <u>without</u> Due Process or Speedy Trial — while
continuously under threat of re-infection from COVID-19 —
merely because he is too poor to pay <u>ANY</u> money bail.

Wherefore, Premises Considered, Petitioner Moves and
Prays this Court <u>will</u> exercise its authority and <u>ORDER</u>

Petitioner released on Personal Bond with Electronic Monitoring, in order to effect the least restrictive means of meeting the State's sole interest of assuring Petitioner's presence at Hearings and Trial (when and if such are ever held?).

So Moved and Prayed for this 5th day October 2020.

J. Logan Diez

James Logan Diez  pro se

BCJ - No. 51285

P.O. Box 1098

Burnet, TX 78611

* Submitted prior to Service & Order To Show Cause, during the Court's §1915(e) Review of Magistrate's Report.  J. L. Diez

James Logan Diez
#512285
P.O. Box 1098
Burnet, TX 78611

LEGAL

INDIGENT

SCREENED BY CSO
OCT 06 2020

7B701338i2 C0005

U.S. POSTAGE >> PITNEY BOWES

ZIP 78611
02 4W
0000375422 OCT 05 2020

$ 000.65°

United States District Court
U.S. Courthouse
501 West 5th St., Ste. 1100
Austin, TX 78701