IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JAMES LOGAN DIEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | 1:20-cv-819-RP |
| CALVIN BOYD, | § | |
| *Sheriff of Burnet County, Texas*, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Before the Court is the report and recommendation of United States Magistrate Judge Andrew Austin concerning Plaintiff James Logan Diez's ("Diez") Petition for Writ of Habeas Corpus, (Petition, Dkt. 1), pursuant to 28 U.S.C. § 636(b) and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. (R. & R., Dkt. 3). In his report and recommendation, Judge Austin recommends dismissing Diez's Petition for Writ of Habeas Corpus without prejudice. (R. & R., Dkt. 3). Diez timely filed objections to the report and recommendation. (Objs., Dkt.6).

A party may serve and file specific, written objections to a magistrate judge's findings and recommendations within fourteen days after being served with a copy of the report and recommendation and, in doing so, secure de novo review by the district court. 28 U.S.C. § 636(b). Because Diez timely objected to each portion of the report and recommendation, the Court reviews the report and recommendation de novo. Having done so, the Court overrules Diez's objections and adopts the report and recommendation as its own order with the following clarification.

In his objections, Diez argues that Judge Austin erred by concluding that Diez has not exhausted his state court remedies on his claims. (Objs, Dkt. 6, at 1–2). Diez states that the documentary evidence he presented with his Petition for Writ of Habeas Corpus showing the Third

Court of Appeals' denial of his petition for writ of mandamus and the Texas Court of Criminal Appeals' denial of his motion for leave to file an application for writ for habeas corpus are sufficient to satisfy the exhaustion requirement. (*Id.* at 22–24). Diez contends that "comity requires only that the State's highest Court be given the opportunity to address the issues raised." (*Id.* at 2). Not so. The exhaustion requirement demands that state courts be afforded the opportunity to review the merits of Diez's claims before this Court may reach the merits of his case. *Deters v. Collins*, 985 F.2d 789, 797 (5th Cir. 1993) ("Because no Texas appellate court, let alone the Court of Criminal Appeals, has reviewed the merits of [petitioner's] claims, this Court would unduly trample upon the objectives of the exhaustion doctrine to reach the merits of this case."). To review Diez's claims now would require this Court to "reach the merits [of Diez's claims] without the aid of a complete record." *Id.*

Furthermore, although this Court has jurisdiction to consider pre-trial habeas corpus petitions, the Fifth Circuit has indicated that "federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir.1987). Because a state court has not yet adjudicated the merits of Diez's claims, this Court declines Diez's invitation to "adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Id.* at 226 (quoting *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973)).

Accordingly, the Court **ORDERS** that the report and recommendation of United States Magistrate Judge Andrew Austin, (Dkt. 3), is **ADOPTED**, with the clarification set forth in this order. Diez's Petition for Writ of Habeas Corpus (Dkt. 1), is **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that all pending motions are **MOOT**.

The Court will enter final judgment in a separate order.

**SIGNED** on November 3, 2020.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE