IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JAMES LOGAN DIEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | 1:20-cv-819-RP |
| CALVIN BOYD, | § | |
| *Sheriff of Burnet County, Texas*, | § | |
| | § | |
| Defendant. | § | |

# **ORDER**

Before the Court is Petitioner James Logan Diez's ("Diez") November 11, 2020, motion for reconsideration of the Court's November 3, 2020, order adopting Magistrate Judge Andrew Austin's report and recommendation and dismissing Diez's Petition for Writ of Habeas Corpus, (Order, Dkt. 26). (Mot. Reconsider., Dkt. 28). The Court entered final judgment on November 6, 2020. (Dkt. 27). Diez is proceeding pro se in this matter. After considering Diez's arguments, the record, and the relevant law, the Court denies Diez's motion for reconsideration.

"[T]he Federal Rules of Civil Procedure do not recognize a general motion for reconsideration." *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997). "A motion filed after judgment requesting that the court reconsider its decision in light of additional evidence constitutes either a motion to 'alter or amend' under Fed. R. Civ. P. 59(e) or a motion for 'relief from judgment' under Fed. R. Civ. P. 60(b)." *Texas A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 400 (5th Cir. 2003). The date when the relief-seeking party files the motion determines which rule applies: if the motion is filed within ten days after the entry of final judgment, it is subject to Rule 59(e); otherwise it is subject to Rule 60(b). *Id.*

Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989). It is not the proper vehicle to "raise arguments which could, and should, have been made before the judgment issued." *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990). Altering, amending, or reconsidering a judgment under Rule 59(e) is an extraordinary remedy that courts should use sparingly. *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

Initially, because Diez filed his motion within 10 days of the Court's entry of final judgment, it is subject to Rule 59(e). (*See* 1st Mot. Reconsider., Dkt. 43); *Texas A&M Research Found.*, 338 F.3d at 400. Next, the Court does not find good cause to vacate its previous judgment. Diez's motion contends that the Court erred in relying on *Deters v. Collins*, 985 F.2d 789 (5th Cir. 1993), in its order denying his petition for a writ of habeas corpus. Diez contends that the Court should instead apply the "look through" doctrine adopted by *Bledsue v. Johnson*, 188 F.3d 250, 256 (5th Cir. 1999), which enables federal courts to "look through-an unexplained state court denial and evaluate the last reasoned state court decision." The Court notes that Diez has not provided the Court with the last related state court decision. Diez further argues that the Court of Criminal Appeal has stated that "a 'denial' signifies that we addressed and rejected the merits of a particular claim," and as such Diez has exhausted his state court remedies. *Id.* at 257.

Even if Diez has exhausted his state court remedies, the Court declines to "adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Dickerson v. Louisiana*, 816 F.2d 220, 226 (5th Cir. 1987) (quoting *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973)); *see also Johnson v. Duke*, No. 7:17-CV-00085-M-BP, 2017 WL 3835952, at *1 (N.D. Tex. July 19, 2017), *report and recommendation adopted*, No. 7:17-CV-00085-M-BP, 2017 WL 3780624 (N.D. Tex. Aug. 31, 2017) ("a federal court should abstain from exercising its jurisdiction when doing so would result in interference in the course of an ongoing

state criminal proceeding except in the most extraordinary circumstances and upon a clear showing of both great and immediate harm."). As such, the Court will abstain from considering Diez's petition for writ of habeas corpus at this time.

Accordingly, **IT IS ORDERED** that Diez's motion for reconsideration, (Dkt. 28), is **DENIED**.

**SIGNED** on December 4, 2020.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE